lation thereto, although those charges form part of the demand set forth in the libel of the master. The decree must be that in the first action the libellant be declared entitled to the possession of the lumber, and to a decree against the respondent for costs; and, in the second case, that the libel be dismissed, with costs.

LUTHER (BARNETT v.). See Case No. 1,-025.

LUTHER (HEINRICH v.). See Case No. 6,-327.

LUTHER (LEE v.). See Case No. 8,196.

## Case No. 8,610.

### LUTHER v. The MERRITT HUNT.

[1 Newb. 4.] [1]

District Court, D. Michigan. 1852.

EX PARTE DEPOSITION—WHEN NOT RECEIVED.

1. An ex parte deposition, taken under the act of congress [1 Stat. 73], de bene esse, will not be received unless all the provisions of the act be strictly followed.

2. When the officer taking the deposition ex parte, did not certify that the witness was "cautioned" as well as "carefully examined and sworn," as provided by law, the deposition will not be received.

[This was a libel by Job S. Luther. A. A. Smalley intervening, against the schooner Merritt Hunt.]

Barstow & Lockwood, for Smalley.
Hunt & Newberry, for respondent.

WILKINS, District Judge. When this case was called for hearing, the counsel for libelants, to sustain their case, offered to read certain ex parte depositions taken at Green Bay, Wisconsin. To this objection was raised, that the depositions were inadmissible, because the provisions of the act of congress [1 Stat. 73] were not complied with.

That part of the judiciary act providing for the taking of ex parte depositions, has ever been construed strictly. The act requires, that the witnesses "shall be carefully examined and cautioned and sworn," &c. The act requires that the witness shall be cautioned as well as sworn. It does not appear from the certificate of the officer before whom the deposition was taken, that this was done.

The objection is sustained, and the deposition rejected. The cause will be continued, to allow the libelant to retake the deposition.

LUTHER (TAYLOR v.). See Case No. 13,-796.

LUTZ (UNITED STATES v.). See Case No. 15,644.

[1] [Reported by John S. Newberry, Esq.]

## Case No. 8,611.

### LUXOM v. OSGOOD.

[See Case No. 8,608.]

## Case No. 8,612.

### The L. W. EATON.

[9 Ben. 289.] [1]

District Court, S. D. New York. Jan. 26, 1878.

JURISDICTION—LOCUS IN QUO—CONSTRUCTION OF STATUTE.

1. In a suit in rem, in admiralty, in the district court of the United States for the Southern district of New York, against a vessel, she was attached by the marshal on the 1st of April, 1875, under process in the suit, while she was afloat in the navigable waters of the Hudson river, lying west of Manhattan Island and to the south of the mouth of the Spuyten Duyvil creek, and where the tide ebbed and flowed, she being fastened, by means of a line, to a dock at Jersey City, in the state of New Jersey, and outside low-water mark, said wharf projecting into the navigable waters of the Hudson river lying west of Manhattan Island and to the south of the mouth of Spuyten Duyvil creek: Held, that the place where the vessel was arrested was within waters subject to the jurisdiction of said court.

[Disapproved in Hall v. Devoe Manuf'g Co., 14 Fed. 184, 185. Cited in The Norma, 32 Fed. 411.]

2. The jurisdiction of said court over said locus in quo, in such a suit, existed prior to the agreement of September 16th, 1833, between New York and New Jersey, which is set forth in the act of June 28, 1834 (4 Stat. 708), and nothing in that agreement or in that act restricted that jurisdiction.

[Cited in Malony v. City of Milwaukee, 1 Fed. 613. Disapproved in Re Devoe Manuf'g Co., 108 U. S. 417, 2 Sup. Ct. 905; Hall v. Devoe Manuf'g Co., 14 Fed. 184. 185.]

3. Sections 541 and 542 of the Revised Statutes do not have the effect to alter such jurisdiction so that it does not extend to such locus in quo.

[Disapproved in Hall v. Devoe Manuf'g Co., 14 Fed. 184, 185.]

4. The effect of the Revised Statutes enacted June 22, 1874, considered, as to altering statutory provisions in force on the 1st day of December, 1873.

[Cited in Thommasen v. Whitwill, 12 Fed. 903.]

In admiralty.

W. W. Goodrich and J. N. Whiting, for libellants.
Benedict, Taft & Benedict, for claimants.

BLATCHFORD, District Judge. This is a libel in rem, in admiralty, against the schooner L. W. Eaton. A question has arisen, the claimant having answered, as to whether the vessel was arrested within waters subject to the jurisdiction of the district court of the United States for the Southern district of New York, under the process issued herein. The parties have stipulated as follows as to the facts: "The schooner L. W. Eaton was attached by the marshal, under

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]